**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIANA CATEL ABRAHAMIAN ASFORA, | No. 24-7678 |
| Petitioner, | Agency No. A201-626-095 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2026**
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Juliana Catel Abrahamian Asfora, a native of Brazil and dual citizen of

Brazil and Italy, petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing her appeal of an Immigration Judge's ("IJ") denial of her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the regulations implementing the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

"Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (citation and internal quotation marks omitted). We review the Agency's legal conclusions de novo and its findings of fact for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

1. Abrahamian Asfora's asylum claim fails because it is untimely and no statutory exception applies. We have jurisdiction to review the IJ's determination that Abrahamian Asfora did not demonstrate "changed" or "extraordinary circumstances" meriting an exception to 8 U.S.C. § 1158(a)(2)(B)'s timeliness requirement, and we review that determination for substantial evidence. *Ruiz v. Bondi*, 163 F.4th 586, 599 (9th Cir. 2025).

Substantial evidence supports the IJ's determination that Abrahamian Asfora did not demonstrate "changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D). She claims an

---

[1] Abrahamian Asfora's spouse, Nazeu Coutinho Bernadino ("Bernadino"), is a derivative beneficiary of Abrahamian Asfora's I-589 application.

exception to the filing deadline based on her father's candidacy for mayor in the 2020 municipal elections and the lingering psychological effects of a carjacking in 2014. Her arguments prove unavailing because the carjacking occurred about 5 years before her applications for relief, so it could not affect her eligibility for asylum. Abrahamian Asfora's alleged fear from her father's new candidacy for office was likewise "was triggered four to five years ago" while he was previously serving as mayor, so his return to politics did not materially affect her asylum eligibility. Neither event substantially strengthened Abrahamian Asfora's asylum application. *See Vahora v. Holder*, 641 F.3d 1038, 1044 (9th Cir. 2011) (requiring a petitioner to show "new facts" that "make it substantially more likely that [her] claim will entitle [her] to relief").

Substantial evidence also supports the IJ's finding that the birth of Abrahamian Asfora's children did not amount to "extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). Notwithstanding the difficulty of postpartum recovery and caring for newborns, Abrahamian Asfora has not shown that her circumstances were "different from the circumstances of many applicants who seek refuge in the United States." *Alquijay v. Garland*, 40 F.4th 1099, 1104 (9th Cir. 2022).

2. Substantial evidence supports the Agency's denial of Abrahamian Asfora's withholding-of-removal claim. To qualify for withholding of removal, a

petitioner must show "that it is more likely than not [s]he would be persecuted on account of a protected ground." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (cleaned up).

Substantial evidence supports the IJ's finding that Abrahamian Asfora's harm did not rise to the level of past persecution. *See Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026) (holding that substantial evidence review applies to the Agency's persecution determinations). Abrahamian Asfora testified that while living in Brazil her father received two anonymous phone calls making death threats against him and their family, and she was the victim of a carjacking at gunpoint. Although these events are unfortunate, "[w]e have repeatedly denied petitions for review" where, as here, "the record [does] not demonstrate significant physical harm." *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021). Further, "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution." *See Hussain v. Rosen*, 985 F.3d 635, 647 (9th Cir. 2021).

Substantial evidence also supports the Agency's determination that Abrahamian Asfora did not establish that she is "more likely than not" to be persecuted in the future. *See* 8 C.F.R. § 1208.13(b)(2); *Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009). The "vague threats" directed at her father do not amount to a "clear probability of future persecution." *Tamang v. Holder*, 598 F.3d 1083, 1094–95 (9th Cir. 2010). The record does not reflect that her family suffered

harm as a result of the threats made upon her father and her family. *Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). The country-conditions evidence in the record does not compel a contrary conclusion. Because Abrahamian Asfora's failure to establish that she is "more likely than not" to be persecuted is dispositive of her withholding-of-removal claim, we do not address her proposed particular social group, persecution based on her political opinion, or her ability to relocate to Italy. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

3. Abrahamian Asfora's contention that her due process rights were violated by the BIA's summary affirmance is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003). The IJ's grant of voluntary departure automatically terminated upon her filing of a petition for review. *See* 8 CFR § 1240.26(i).

4. To receive relief under the CAT, a petitioner must demonstrate that, if removed, she would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. § 1208.16(c)(4); *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022). Substantial evidence supports the IJ's finding that Abrahamian Asfora failed to show that the Brazilian government would

acquiesce in torture. To the extent the country conditions evidence shows "a general ineffectiveness on the government's part to investigate and prevent crime," that does "not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal is otherwise DENIED.

24-7678